NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ZOE AJJAHNON                               :
                                           :        **Hon. Dennis M. Cavanaugh**
            Plaintiff,                     :
                                           :           **OPINION**
            v.                             :
                                           :        Civil Action No. 06-CV-3693 (DMC)
THE STATE,                                 :
                                           :
            and                            :

THERESA M. RUSSO,

            Defendant.

DENNIS M. CAVANAUGH, U.S.D.J.:

Pro se Plaintiff Zoe Ajjahnon seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons set forth below, and pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds Plaintiff's Complaint to be frivolous. As such, Plaintiff's application to proceed in forma pauperis must be denied and this action dismissed.

### I. BACKGROUND

In her Complaint, Plaintiff asks this Court to overturn the decision of a New Jersey State Court Judge entered on May 28, 2003, and affirmed by the Appellate Division on July 11, 2006.

### II. STANDARD FOR SUA SPONTE DISMISSAL

The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

Dockets.Justia.com

monetary relief from a defendant who is immune from such relief, where the plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir.1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir.1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ' Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957 ); Milhouse v. Carlson, 652 F .2d 371, 373 (3d Cir.1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See e.g. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir.2004) (complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim, but lacked sufficient detail to function as a guide to discovery, was not required to be dismissed for failure to state a claim; district court should

permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir.2002) (dismissal pursuant to 28 U.S.C.  1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir.1996).

### III. ANALYSIS

The Court finds that Plaintiff's Complaint must be dismissed as frivolous because it lacks any arguable basis in law.  Plaintiff asks this Court to review the final decision of a New Jersey Appellate Court.  However, "mere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983)(quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)). District courts do not "sit as super state supreme courts for the purpose of determining whether [issues] were correct under state law." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir.1997).

As such, this Court lacks subject matter jurisdiction over Plaintiff's claims as it specifically barred from reviewing the merits of any state court decisions.  Thus, Plaintiff's Complaint must be dismissed as being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's application for leave to appeal from an order of the

Appellate Court of New Jersey shall be dismissed as frivolous.  An appropriate Order

accompanies this Opinion.

 S/   Dennis M. Cavanaugh_____
Dennis M. Cavanaugh, U.S.D.J.

Date:           August 21, 2006
Original:       Clerk's Office
Cc:             All Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File