NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZOE AJJAHNON : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THE STATE, : <br> : <br> and : <br> : <br> THERESA M. RUSSO, : <br> : <br> Defendants. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 06-CV-3693 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by *pro se* Plaintiff Plaintiff Zoe Ajjahnon's ("Plaintiff") motion for reconsideration of the Court's order dated August 21, 2006, dismissing Plaintiff's Complaint and denying Plaintiff's application to proceed *in forma pauperis*. After carefully considering the submissions of Plaintiff, and based upon the following, it is the finding of this Court that Plaintiff's motion is **denied**.

**I.    BACKGROUND**

In her Complaint, Plaintiff asks this Court to overturn the decision of a New Jersey State Court Judge entered on May 28, 2003, and affirmed by the Appellate Division on July 11, 2006.

**II.    DISCUSSION**

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g). See

U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion pursuant to Local Rule 7.1(g) may be granted only if 1) an intervening change in the controlling law has occurred; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice.  Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996).

      The Court is quite cognizant of its obligation to hold pleadings drafted by a *pro se* litigant to a less exacting standard than those drafted by trained counsel, due to an understandable difference in legal sophistication.  Haines v. Kerner, 404 U.S. 519 (1972).  Nonetheless, even giving Plaintiff the benefit of the most liberal construction of her papers that is possible, the Court finds that she has failed to meet the standards of Local Rule 7.1(g).  Plaintiff has not demonstrated to the Court that 1) an intervening change in the controlling law has occurred; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice.  In this case, Plaintiff does not make any of these showings.  Rather, Plaintiff again asks this Court to review the final decision of a New Jersey Appellate Court.  This Court has no jurisdiction to review such a decision.  See Wainwright v. Goode, 464 U.S. 78, 86 (1983)(quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)).  The state court decision that Plaintiff asks this Court to review does not rise to the "level of a denial of rights protected by the United States Constitution" vesting this Court with jurisdiction.  Wainwright, 464 U.S. at 86.  Therefore, this Court has no jurisdiction to hear Plaintiffs' Complaint and Plaintiff has not made any showing sufficient to meet the stringent requirements of Local Rule 7.1(g).

### III.  CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.


     S/   Dennis M. Cavanaugh
     Dennis M. Cavanaugh, U.S.D.J.

Date:           November __1,  2006
Original:       Clerk's Office
Cc:             All Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File